**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>CANDACE ANITREL PAGE,<br><br>Debtor.(s) | Case No. 19-05007-jw<br><br>Chapter 13 |

### OBJECTION TO CONFIRMATION

Mid America Apartments ("Creditor") a secured creditor in the above captioned case, by and through its undersigned attorney, hereby files its Objection to Confirmation of the Debtor's Plan ("Objection"), on the following grounds:

### STATUTORY PREDICATES FOR RELIEF

1. This Court has jurisdiction of this proceeding under 28 U.S.C. §157(b)(2)(G).

2. The statutory predicate for relief is 11 U.S.C. § 365.

### FACTS

3. Movant is the Landlord of the property where the Debtor currently resides, apartment 505 Farm Springs Rd, Summerville, SC 29483.

4. Debtor signed a lease with Movant on May 13, 2019 (the "Lease") under which Debtor was to pay the base rent plus other recurring charges on or before the first day of the month. An excerpt of this information appears below.

> **1. RENT:**
>
> 1.1 You agree to pay Landlord the Monthly Base Rent, which is payable each month in advance on the first (1st) day of each month. Rent is payable on Landlord's online payment portal or such other place as Landlord may designate. Rent paid after the first (1st) day of the month is late. If the Lease Start Date is not the first (1st) day of the month and this is the initial term of this Lease, then Your Monthly Base Rent for that month will be prorated and will be payable in advance on the Lease Start Date. If the Lease Start Date is not the first (1st) day of the month and this is a renewal of a prior lease between You and Landlord, then Your Monthly Base Rent for that month will be prorated and will be payable in advance on the first (1st) day of the month along with the prorated rent due under Your prior lease.

> 1.3 Only after Total Rent (which shall include Monthly Base Rent and the Additional Sums) is tendered will rent payment be accepted. Total Rent must be submitted in full. Landlord's acceptance of any partial payment does not waive Landlord's rights under this Lease or applicable State law nor its right to demand payment in full. Furthermore, Landlord's acceptance of any partial payment shall not be construed as a waiver of paying rent in full nor does it release You from your obligation to pay rent in full when due or demanded. Landlord reserves its rights to pursue any and all available civil remedies for You failing to pay rent in full when due or demanded.

5. A grace period is provided allowing for payment to be made until the 3rd day of each month. An excerpt of this language appears below.

> **2. LATE PAYMENTS; RETURNED CHECKS, ACH TRANSACTIONS, OR OTHER PAYMENTS:**
>
> Time is of the essence of this Lease. If Your rent is not paid on or before the Third (3rd) day of the month, a late fee or charge in the amount of 20.00% of the Base Monthly Rent Such "full monthly rent" shall include all additional monthly rent due for any Additional Rentable Item. Payments received any time after the office has closed for the day or on a holiday or other day when Landlord's office is not open for business will not be credited to Your account until the next business day and a late fee may be incurred. Electronic payments will be credited to Your account at the time funds are actually received.

6. The Lease provides that in the event that payment is not made by the due date, the lease is in default. The excerpt of that language appears below.

> **15. DEFAULT BY YOU:**
>
> 15.1 If You fail to pay any rent or other charges as and when due hereunder, or if You abandon the Apartment or fail to perform any of Your obligations hereunder, or if You violate any provision of this Lease or any rules and regulations, or if You materially affect the health and safety of others in the Apartment or on the Premises, or if You violate any criminal laws on the Premises, regardless of whether arrest or conviction occurs, or if any facts contained in Your rental application (Residential Lease Application) are untrue or misleading, then, upon the happening of any said events, You shall be in default hereunder and Landlord may at its option (a) terminate this Lease, or (b) terminate Your rights of possession, or (c) pursue any other rights, remedies, claims, or legal actions, whether in law or in equity, without terminating this Lease, by written notice to You. To the extent permitted by law, notice to cure default is not required but, if given, shall not waive Landlord's right to terminate or insist on strict compliance.

7. Movant filed an eviction against the Debtor for the pre-petition defaults under the lease between Movant and Debtor.

8. Those pre-petition defaulted rents total $4,371.00.

9. Debtor filed for relief under Chapter 13 of the U.S. Bankruptcy Code on 09/23/2019.

10. Debtor filed a plan of reorganization on October 3, 2019 proposing to cure the arrearage of $4,371 owed to Movant by making those payment over 57 months.

11. Tenant's plan proposed to keep current on the post-petition rent owed to Movant pursuant to Section 4.1.

## ARGUMENT

The Debtor is proposing to assume and 'promptly' cure the outstanding pre-petition lease payment through the repayment of the $4,371 over 57 months. This is not a prompt repayment of that obligation. Movant objects to this treatment and requests that the Court deny the confirmation of the plan because it fails to promptly cure the arranges owed to Movant.

When determining if the assumption and cure is a prompt repayment the court must make a case-by-case determination of what constitutes prompt by looking the following factors:

1. the nature of the leased property;
2. the provisions of the lease;
3. the amount of the arrearage under the lease;

4. the remaining term of the lease; and
5. the provisions of the debtors proposed plan."

In re Reed, 226 B.R. 1, 2 (Bankr. W.D. Ky. 1998) (followed by In re Randolph, No. 06-03729-JW, 2006 Bankr. LEXIS 2974, at *2-3 (Bankr. D.S.C. Oct. 26, 2006))

The leased property is the Debtor's current residence, is a one-year lease that will term out in June of 2020. The Debtor is currently behind by two months[1] for pre-petition rent, and the plan proposes to keep making payments to Movant for years after the end of the lease.

Movant asserts that this proposal of making lease payments for years after the lease not prompt. Movant further asserts that a prompt repayment should cause the arrearage to be cured no later than the end of the lease term. Movant is permitted to choose with whom it contracts and if the arrearage is not promptly cured, may choose not to renew the lease when it matures in 2020. This Court has previously determined that "a 57 month cure is not a prompt cure of the arrearage owed . . . and that Debtors must cure all arrearage owed . . . within 12 months if they wish to assume the contract[.]" In re Randolph, No. 06-03729-JW, 2006 Bankr. LEXIS 2974, at *2-3 (Bankr. D.S.C. Oct. 26, 2006). The Randolph case was for the cure of a land installment contract, and Court states in its opinion that there is no information about how many months are left in the contract in the record. The Randolph Court referenced *In re Morgan* 181 B.R. 579 (N.D. Al. 1994) in its opinion. The Morgan case established 6 months as a rule of thumb cure for a residential lease.

Movant asserts that this rule of thumb is the appropriate way treat a cure in a residential scenario rather than proposing a 57-month repayment. This benefits the tenant, presumably, since the tenant wants to renew the lease at the end of the lease and is currently benefiting from having a place to live while operating under her plan. Movant further asserts that this six-month rule of thumb for a prompt cure should be adopted by this jurisdiction and should deny confirmation of this plan proposing a 57 month cure.

---

[1] As of the date of this pleading, the Debtor had not made the October rent payment was currently late on that payment as well.

WHEREFORE, Movant respectfully requests that after such notice and hearing as this Court deems appropriate, the Court deny confirmation of the Plan and order the Debtor(s) to amend the Plan to conform to this objection, and to award any additional relief as the Court may deem proper.

Date Filed: October 7, 2019

**Markham Law Firm, LLC**

　/s/ Sean Markham
Sean Markham I.D. # 10145
Attorney for Mid America Apartments
PO Box 20074
Charleston, SC 29413-0074
Tel: 888-327-0054
sean@markhamlawsc.com